That part of the judgment below is erroneous in so far as 6 per cent interest is allowed on the bonds, as only the principal sum of the bonds can be collected, with interest from the time of the maturity of the bonds. The judgment below is modified as in this opinion set out, and affirmed except as to the modification.

Modified and affirmed.

## PLAINTIFF'S APPEAL.

MONTGOMERY, J. There was no error against the plaintiff in the ruling and judgment of the Court below.

No error.

## FLEMING v. GREENLEAF-JOHNSON LUMBER CO.

(Filed June 7, 1901.)

EVIDENCE—*Sufficiency—Nonsuit—Negligence—Personal Injuries—Railroads—Master and Servant—Questions for Jury.*

> Evidence in this case on the question of negligence should have been submitted to the jury.

ACTION by Mahala Fleming, administratrix of Daniel Fleming, against the Greenleaf-Johnson Lumber Co., heard by Judge *J. W. Bowman,* at March Term, 1900, of the Superior Court of PITT County.

Plaintiff's evidence showed that her intestate was killed by a log rolling from a logging train operated by defendant, and on which deceased was going to his work. Deceased was employed by his brother-in-law in cutting logs at a distance of three to four miles from the logging camp, and he and other employes were accustomed to go to and from their work on the train, though they were not employed thereon. The

FLEMING *v.* LUMBER CO.

brother-in-law of deceased testified that he employed the latter, but that he was paid by the company, who had the right to discharge the men, and that they were really employed by the defendant company. The accident occurred while the train was going on a down-grade, and the train was not stopped thereafter, though deceased was riding in plain view of the engine. There were no brakes on the train, except on the engine; and the car on which deceased was riding did not have standards, though the logs were held in place by four-inch shoulders, but other cars on the train had standards. All of plaintiff's witnesses testified that they had not received notice not to ride on the train, or that it was dangerous, but testified that they knew that it was dangerous to ride thereon, but preferred to take the chances rather than walk.

From a judgment of nonsuit, the plaintiff appealed.

*Skinner & Whedbee,* for the plaintiff.
*J. L. Fleming,* for the defendant.

PER CURIAM. Upon the evidence, the issues should have been submitted to the jury.

New trial.